**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KAMAU INGRAM,** | : | |
| Plaintiff | : | CIVIL ACTION NO. 1:08-0407 |
| v. | : | (CONNER, D.J.) |
| | | (MANNION, M.J.) |
| **JANINE DONATE, Warden;** | : | |
| **AL JOYCE, Asst. Warden;** | | |
| **CAPT CHIARELLI; CO FRED** | : | |
| **DIRIGGI; IA MALONEY; and** | | |
| **SGT. SHANLEY,** | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

On March 4, 2008, the plaintiff, a former inmate at the Lackawanna County Prison, Scranton, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. §1983. (Doc. No. 1). On the same day, the plaintiff filed an application to proceed in forma pauperis, (Doc. No. 2), and authorization form, (Doc. No. 3). A financial administrative order was issued on the following day. (Doc. No. 5). The complaint will now be given preliminary consideration pursuant to 28 U.S.C. §§1915, 1915A.

Upon review of the instant complaint, the plaintiff alleges that he filed a grievance against defendant Diriggi for making derogatory racial remarks toward him. In an attempt to cover-up the actions of defendant Diriggi, the plaintiff alleges that defendant Shanley filed a false misconduct against him claiming that the plaintiff had threatened the officers. Defendant Maloney is alleged to have conducted the hearing on the misconduct. The plaintiff alleges

that defendant Donate is "responsible for all" and did not correct defendant Diriggi for his actions. No specific allegations are made against defendants Joyce or Chiarelli.

Based upon the above allegations, the plaintiff is seeking compensatory and punitive damages.

To state a claim under §1983, the plaintiff must show that the defendants, acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. §1983; Morse v. Lower Merion School District, 132 F.3d 902 (3d Cir. 1997); Maine v. Thiboutot, 448 U.S. 1 (1980). Liability under §1983 is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or of actual knowledge and acquiescence. Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997)(citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)).

Moreover, relief cannot be granted against a defendant pursuant to §1983 based solely on the theory of respondeat superior or the fact that the defendant was the supervisor or superior of the person whose conduct actually deprived the plaintiff of one of his federally protected rights under color of state law. Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976); Goode v. Rizzo, 506 F.2d 542, 550 (3d Cir. 1974), rev'd on other grounds, Rizzo v. Goode, 423 U.S. 362 (1976).

2

In this case, other than naming them in the caption of the complaint and identifying them as defendants, the plaintiff has failed to set forth any specific allegations with respect to defendants Joyce and Chiarelli.  With respect to defendant Maloney, the only allegation is that he conducted the hearing on the misconduct issued by defendant Shanley.  The plaintiff alleges no procedural deficiencies with respect to the misconduct hearing.  Therefore, the complaint should be dismissed with respect to these defendants.

To the extent that the plaintiff is bringing the instant action against defendant Donate claiming that she is "responsible for all," his claim is apparently based upon a theory of respondeat superior.  As such, the plaintiff's complaint should also be dismissed with respect to defendant Donate[1].

The  allegation against defendant Diriggi is that he called the plaintiff a "nigger." To establish a violation of the Eighth Amendment[2], a plaintiff must prove that the alleged deprivation is, "objectively, 'sufficiently serious.'" Farmer v. Brennan, 511 U.S. 825, 834 (1994)(quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Generally, words alone, verbal threats and harassment, are insufficiently serious as to implicate the Eighth Amendment.

---

[1] This would apply equally to the extent that the plaintiff has only named defendant Joyce because of his position as an Assistant Warden.

[2] The plaintiff has not identified in his complaint the specific constitutional rights he is alleging that the defendants violated.  The court assumes that the plaintiff is bringing his claim under the Eighth Amendment.

3

Richardson v. Sherrer, No. 06-4699, 2007 WL 203946, at *3 (D.N.J., Jan. 24, 2007)(not published)(collecting cases); Queen v. Kreamer, No. 06-CV-630, 2006 WL 931866, slip op. at *2-*3 (M.D. Pa. Apr. 11, 2006)(collecting cases); Gonzalez-Cifuentes v. U.S. Dep't of Homeland Sec., No. 04-CV-4855, 2005 WL 1106562, *10 (D.N.J. May 3, 2005)(not reported)(collecting cases); Green v. Thoryk, 30 F.Supp.2d 862, 864 (E.D. Pa. 1998)(citing Hopson v. Fredericksen, 961 F.2d 1374, 1378 (8th Cir. 1992)); see Queen, 2006 WL 931866, slip op. at *2 ("It has been recognized that the use of words generally cannot constitute an assault actionable under §1983 . . . Mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations.") (internal citations omitted). Therefore, even assuming that defendant Diriggi did call the plaintiff a "nigger," his actions, would certainly be reprehensible and offensive, but not actionable under §1983.

Similarly, concerning the claim against defendant Shanley, the issuance of purportedly false misconducts, which, without more, are essentially words, does not rise to the level of a deprivation of a basic human need as to constitute cruel and unusual punishment under the Eighth Amendment. Booth v. Pence, 354 F.Supp.2d 553, 559 (E.D. Pa.), aff'd, 141 Fed.Appx. 66 (3d Cir. 2005). Therefore, assuming the plaintiff is alleging that defendant Shanley violated his Eighth Amendment rights in issuing him the misconduct, his complaint should be dismissed.

Should the plaintiff be alleging that defendant Shanley violated his due process rights in issuing him the allegedly false misconduct, the Fourteenth Amendment is generally not implicated when an inmate is charged, even falsely, with misconduct: "so long as certain procedural requirements are satisfied, mere allegations of falsified evidence or misconduct reports, without more, are not enough to state a due process claim[3]." Smith v. Mensinger, 293 F.3d 641, 653-54 (3d Cir. 2002). Here, the plaintiff admits that he received a hearing with respect to the misconduct report and alleges no procedural deficiencies with respect to that hearing. Therefore, the plaintiff's complaint should be dismissed on this basis as well.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:** the plaintiff's complaint, **(Doc. No. 1)**, be **DISMISSED** in its entirety.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:** June 11, 2008
O:\shared\REPORTS\2008 Reports\08-0407.01.wpd

---

[3]There is an exception where the false misconduct was issued in retaliation for the inmate's exercise of his constitutional rights, but that is not at issue here. Smith, 292 F-3d at 653.

5