# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KAMAU INGRAM,** | : CIVIL ACTION NO. 1:08-CV-0407 |
| **Plaintiff** | : (Judge Conner) |
| v. | : |
| **JANINE DONATE**, Warden; **AL JOYCE**, Asst. Warden; **CAPT. CHIARELLI**; **C.O. FRED DIRIGGI**; **I.A. MALONEY**; and **SGT. SHANLEY,** | : |
| **Defendants** | : |

## ORDER

AND NOW, this 16th day of July, 2008, upon consideration of the report of the magistrate judge (Doc. 10), to which objections were filed (Doc. 13), recommending that plaintiff's complaint be dismissed, and, following an independent review of the record, it appearing that defendants Al Joyce, I.A. Maloney, and Capt. Chiarelli did not have personal involvement in the alleged incident, see McCleester v. Mackel, No. 06-120J, 2008 WL 821531, at *8 (W.D. Pa. Mar. 27, 2008) (citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (stating that "[i]n order to be held liable under § 1983, a defendant must have 'personal involvement' in the relevant violations of federal law"), that bringing defendant Warden Janine Donate into the instant action based upon the theory of *respondeat superior* is improper, see id. (stating that the necessity of personal involvement "prevents liability under § 1983 for one's own official actions from collapsing into respondeat superior liability for the actions of others"), and it further appearing that defendant C.O. Fred Diriggi's alleged use of a racial slur, while reprehensible, is not actionable under § 1983, see Richardson v. Sherrer, No.

06-4699, 2007 WL 203946, at *3 (D.N.J. Jan. 24, 2007) (stating that "[r]acially discriminatory statements, racial slurs and epithets . . . do not establish liability under § 1983"), and that defendant Sgt. Shanley's issuance of a purportedly false misconduct report does not give rise to the level of deprivation needed to constitute cruel and unusual punishment under the Eighth Amendment[1] or denial of due process under the Fourteenth Amendment, see Smith v. Mensinger, 293 F.3d 641, 654 (3d Cir. 2002) (stating that "so long as certain procedural requirements are satisfied, mere allegations of falsified evidence or misconduct reports, without more, are not enough to state a due process claim"), it is hereby ORDERED that:

1. The report and recommendation of the magistrate judge (Doc. 10) is ADOPTED.

2. Plaintiff's complaint (Doc. 1) is DISMISSED.

3. The motion for extension of time to file objections (Doc. 14) is GRANTED and the objections (Doc. 13) are DEEMED timely filed.

4. Leave to amend is DENIED as futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

5. The Clerk of Court is instructed to CLOSE this case.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] The court notes that false misconduct charges do not give rise to an Eighth Amendment claim because they "are not 'sufficiently serious' that they result 'in the denial of the minimal civilized measure of life's necessities.'" Booth v. Pence, 354 F. Supp. 2d 553, 558-59 (E.D. Pa. 2005) (citing Griffin v. Vaughn, 112 F.3d 703, 709 (3d Cir. 1997)).